IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
APPELLATE DIVISION

FRANCIS X. MINA AND LAURA K. MINA )  D.C.CIV.APP.NO. 2004/0072
                                             )  S.C. Civ. No. 469/2003
      Appellants, )
                                             )
      v. )
                                             )
HOTEL ON THE CAY TIMESHARING )
ASSOCIATION, INC., )
      Appellee. )

On Appeal from the Superior Court of the Virgin Islands

Considered: August 15, 2008
Filed: April 22, 2009

Before:   **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **MICHAEL C. DUNSTON**, Judge of the Superior Court, sitting by designation.

**Appearances:**

**Francis X. Mina and Laura A. Mina,** *pro se*
St. Croix, U.S.V.I.
      Attorneys for Appellants.

**Karen A. Bentz, Esq.**
St. Thomas, U.S.V.I.
      Attorney for Appellee.

**Memorandum Opinion**

*Mina et al. v. Hotel on the Cay*
D.C.Civ.App. No. 2004-0072
Memorandum Opinion
Page 2

## I. Issues Presented

In this appeal, we are called upon to determine whether the Superior Court erred in granting summary judgment against the Appellants.[1]

## II. Factual and Procedural Posture

On or about February 10, 1980, Appellants Francis X. Mina and Laura A. Mina ("the Minas" or "Appellants") contracted with one Oliver Plunkett ("Plunkett") to purchase partial leasehold interests in nine (9) individual time share units located in the Hotel on The Cay resort in St. Croix, U.S. Virgin Islands. Under these contracts and the governing by-laws, the interests in the hotel rooms were divided into "unit-weeks", entitling the purchasers to use of specific units for specified time periods.

Pursuant to these contracts, Appellants were responsible for payment of annual common charges and assessments, and the Appellee Hotel on the Cay Timesharing Association, Inc. (the "Association" or "Appellee") had the authority to seek termination of the purchasers' interest in the event of nonpayment of these fees.

---

[1] At the time the trial court considered this matter, it was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the term Superior Court.

*Mina et al. v. Hotel on the Cay*
D.C.Civ.App. No. 2004-0072
Memorandum Opinion
Page 3

On October 23, 2003, the Association filed a verified complaint (the "Complaint") in the Superior Court of the Virgin Islands alleging that the Minas had failed to pay their annual assessments. The Complaint alleged that the Minas owed thirty-three thousand five hundred forty-three dollars ($33,543.00) in outstanding common charges and assessments. The Complaint also averred that in failing to pay the required annual assessments, the Minas were in material breach of their contracts. The Association further asserted that the Minas' partial leasehold interest in the units was terminable under general contract law and the by-laws governing the Minas' interest. The Association sought a judgment terminating the Minas' contract for the timeshare units, awarding judgment for the amount of annual assessments owed and awarding attorney's fees and costs.

The Association served its request for admissions on the Minas on January 14, 2004. As of February 23, 2004, the Association had received no response. In light of the Minas' failure to respond to the request for admissions within thirty days, the Association argued that under Federal Rule of Procedure 36, the subject of the request for admissions had been conclusively conceded for the purposes of litigation.

Subsequently, the Association moved for summary judgment. Therein, the Association sought to terminate the Appellants'

*Mina et al. v. Hotel on the Cay*
D.C.Civ.App. No. 2004-0072
Memorandum Opinion
Page 4

contract for the timeshare units, which also included terminating the Appellants' interest in the units. The Association also sought judgment for the outstanding assessments owed in the amount of thirty-three thousand, five hundred forty-three dollars ($33,543.00), as well as attorney's fees and costs. On April 26, 2004, finding that no genuine issue of material fact presented itself in this litigation, the Superior Court granted the Association's motion for summary judgment

The Minas filed a timely appeal. The Minas, for the first time on appeal, claim that their interest in the units represents an ownership interest in a horizontal property regime that affords them the protection of V.I. Code Ann., title 28 and may not be terminated under the by-laws and contract.[2]

### III. Jurisdiction and Standard of Review

This Court exercises jurisdiction to review the final judgment in this civil matter under the authority granted in the Omnibus Justice Act of 2005, Act No. 6730, §54 (amending Act No.

---

[2] The Minas argue, for the first time on appeal, that summary judgment should be overturned because they held an ownership interest in the time share units. However, the record considered by the trial court in granting the motion for summary judgment contained only the request for admissions, the complaint, the answer and the motion for summary judgment and its accompanying memorandum. Since the grounds now cited by the Minas for denying the summary judgment are being raised for the first time on appeal, these issues are not properly before this Court. *See Regan v. Estate Questa Verde*, 2006 WL 3613280 (D.V.I. November 22, 2006); *Fraizer v. Velkura*, 91 Cal.App.4th 942, 945 (Cal. App. 2d Dist. 2001)(the scope of what an appellate court may review is limited to admissions, the complaint, affidavits and other evidence on file).

*Mina et al. v. Hotel on the Cay*
D.C.Civ.App. No. 2004-0072
Memorandum Opinion
Page 5

6687 (2004), and the Revised Organic Act of 1954, §23A, 48 U.S.C. §1613a. This Court reviews *de novo* questions of law, issues implicating rights protected under the U.S. Constitution, and the interpretation of statutes. *See Gov't of V.I. v. Albert*, 89 F.Supp.2d 658, 663 (D.V.I. App.Div. 2001). However, this Court affords the more deferential clear error review to factual determinations. *Id*.

## IV. Discussion

### Whether the Superior Court erred in granting summary judgment against the Appellants

Rule 56 of the Federal Rules of Civil Procedure, made applicable to the trial court through Rule 7 of the Superior Court, provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Only disputes over facts that might affect the outcome of the suit will properly preclude an entry of summary judgment. Super. Ct. R. 7; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)(citations omitted).

This Court conducts a plenary review of orders of the trial court granting summary judgment by applying the same standard to

which the trial court is held. *See Crissman v. Dover Downs Entm't Inc.*, 289 F.3d 231, 233 (3d Cir.2002). In conducting such review, the Court must also consider questions of law or interpretation of statute *de novo*. However, the Court must afford the more deferential clear error review to factual determinations. *See Gov't of the V.I. v. Albert*, 89 F.Supp.2d 658, 663 (D.V.I.App.Div.2001).

Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions. *See* Fed. R. Civ. P. 36. Rule 36 provides that once a party has served upon another party a written request for admissions the matter is admitted unless, within thirty (30) days after service of the request, the party to whom the request is directed serves upon the requesting party a written answer or objection addressed to the matter signed by the party or the party's attorney. *Id.*

The Minas were served with a request for admissions by the Association on January 14, 2004. On February 23, 2004, over thirty days having expired and there being no response from the Minas, the matters contained in the request for admissions had been conclusively established under Rule 36. *See* Fed. R. Civ. P. 36; *Community Realty Management, Inc v. Blackman*, 21 V.I. 195 (Terr. Ct. 1984); *Lighting Inc. v. Atlantic Residex Corp.*, 13 V.I. 266 (Terr. Ct. 1977).

*Mina et al. v. Hotel on the Cay*
D.C.Civ.App. No. 2004-0072
Memorandum Opinion
Page 7

With liability and damages deemed conceded by way of the Minas' failure to answer the request for admissions, there existed no genuine issue of material fact for the Superior Court to consider. The Association was, therefore, appropriately entitled to judgment as a matter of law.

## IV. Conclusion

Based on the foregoing, the Court finds that the decision by the Superior Court granting summary judgment in this matter was appropriate given the record of the case. Accordingly, for the reasons cited above, the Superior Court's summary judgment order is hereby **AFFIRMED**